IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. )
) Criminal No. 3:16CR40–HEH
CHARLES A. FULLER, )
)
      Petitioner. )

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Charles A. Fuller, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 61). Fuller contends that he received the ineffective assistance of counsel[1] at sentencing and that the Government breached his Plea Agreement. Specifically, Fuller argues entitlement to relief based upon the following:[2]

| | |
|---|---|
| Claim One | Counsel rendered ineffective assistance by "fail[ing] to object to the Court not applying acceptance of responsibility." (*Id.* at 4.) |
| Claim Two | Counsel rendered ineffective assistance by "fail[ing] to challenge the Court's misapplication of [United States Sentencing Guidelines ("USSG")] § 5K1.1." (*Id.* at 5.) |
| Claim Three | "The Government breached the Plea Agreement by failing to move the Court for a sentence reduction pursuant to United States Sentencing Guidelines . . . § 5K1.1." (*Id.* at 7.) |

---

[1] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[2] The Court employs the pagination assigned to Fuller's submissions by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from Fuller's submissions.

The Government has filed a Response, arguing that Fuller's claims are meritless. (ECF No. 65.) Fuller has filed a "Traverse to Government's Response to Petitioner's Title 28 U.S.C. Section 2255 Motion to Vacate, Set Aside, or Correct Sentence." ("Reply," ECF No. 66). Fuller has twice moved to amend his Reply to include additional argument in support thereof. (ECF Nos. 67, 68.) To the extent that Fuller seeks to add further argument in support of his Reply, the Motions to Amend (ECF Nos. 67, 68) will be granted.[3] The matter is now ripe for disposition.

## I. PROCEDURAL HISTORY

On March 16, 2016, the Government filed a one-count Indictment charging Fuller with possession with intent to distribute a mixture and substance containing a detectable amount of heroin. (Indictment 1, ECF No. 12.) On June 6, 2016, Fuller pled guilty to the one-count Indictment. (Plea Agreement ¶ 1, ECF No. 39.) Prior to sentencing, a Probation Officer prepared a Presentence Investigation Report ("PSR") wherein he recommended that Fuller should receive an adjustment under the Sentencing Guidelines for acceptance of responsibility. (PSR ¶ 22, ECF No. 52.) Accordingly, the Probation Officer calculated Fuller's Base Offense Level as 24 and deducted three points for acceptance of responsibility, resulting in a Total Offense Level of 21. (*Id.* ¶¶ 24–33.) Fuller's applicable Sentencing Guidelines range was then 41–51 months. (*Id.* ¶ 114.) However, the Probation Officer noted that he "believe[d] the Court could consider an upward departure pursuant to U.S.S.G. § 4A1.3(a)(1), Departures Based on Inadequacy

---

[3] The Court will not consider any new claims that may be lurking therein.

2

of Criminal History." (*Id.* ¶ 115.)

On August 31, 2016, the Court provided notice to Fuller and the Government that it was considering imposing an upward variance or departure from the applicable Sentencing Guidelines range "based on [Fuller's] criminal history; the need to promote respect for the law; and the need to provide adequate deterrence to criminal conduct." (ECF No. 54, at 1.) At sentencing, on October 7, 2016, the Court adopted Fuller's PSR, (Oct. 7, 2016 Tr. 3), and heard arguments about whether to impose an upward variance or departure sentence. The Court ultimately found that an upward variance was appropriate due to Fuller's extensive and uncounted history and his attempt to drive off in the police officer's car (Oct. 7, 2016 Tr. 14–15, 19–20), and that "an appropriate sentence could be found at Total Offense Level 26, Criminal History Category VI, guideline range of 120 to 150 months." (Oct. 7, 2016 Tr. 16.) On October 12, 2016, the Court entered judgment and sentenced Fuller to 144 months of imprisonment and three years of supervised release. (J. 2–3, ECF No. 59.) Fuller did not appeal.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must first show that counsel's representation was deficient, and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, a convicted defendant must overcome the "strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance." *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component

requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, the Court need not determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### III. ANALYSIS

#### A. Claim One

In Claim One, Fuller argues that counsel rendered ineffective assistance by "fail[ing] to object to the Court not applying acceptance of responsibility." (§ 2255 Mot. 4.) Specifically, Fuller alleges the following:

> In the PSR the Probation Officer recommended a downward adjustment pursuant to 3E1.1 for acceptance of responsibility and minor role based on defendant's cooperation posture with the United States Attorney's Office, and his verbal and written statements. Reflecting [these] adjustments, the Probation Officer recommended that the defendant's base offense . . . be adjusted to a Total Offense Level of 21. The judge did an upward variance of 6 making defendant's offense level 26 again. However, he did not make any adjustments to reflect defendant's acceptance of responsibility and minor role. Defendant's guidelines was not properly calculated and counsel did not seek to correct the misapplied guidelines. Defendant's guidelines should have been 21. Defendant was sentenced to the wrong guidelines in violation of due process.

(*Id.*)

First, the record belies Fuller's assertion that the Probation Officer recommended a minor role reduction in his PSR. (*See* PSR ¶¶ 20, 27.) Further, contrary to Fuller's claim here, the Court did accept the PSR's recommended adjustment in his offense level for

4

acceptance of responsibility. (*See* PSR ¶ 22; Oct. 7, 2016 Tr. 3.) However, the Court granted an upward variance to Fuller's Total Offense Level and Criminal History Category because of his long criminal record and the fact that prior terms of incarceration for other convictions did nothing to deter him from further criminal conduct. (*See* Oct. 7, 2016 Tr. 14–16.) Moreover, the record reflects that counsel argued against an upward variance or departure at sentencing. (*See* Oct. 7, 2016 Tr. 6–12.) In short, Fuller fails to demonstrate that counsel was deficient in his performance and that he was prejudiced by counsel's actions. *See Strickland*, 566 U.S. at 694. Therefore, Claim One lacks merit and will be dismissed.

### B.     Claim Two

In Claim Two, Fuller essentially faults counsel for failing to object at sentencing to the Court's refusal to downwardly depart from the Sentencing Guidelines under USSG Section 5K at that time. Specifically, Fuller argues that counsel rendered ineffective assistance by "fail[ing] to challenge the Court's misapplication of [USSG] § 5K1.1," and because "[c]ounsel allowed the Court to defer its decision to rule on [USSG §] 5K1.1 motion on the ground that it would rule on 35(b) after sentence." (§ 2255 Mot. 5–6.) Fuller further states:

> At sentencing, counsel . . . requested the court to credit[ Fuller] with 5K cooperation motion for pre-sentence and 35(b) for postsentence cooperation. The Court responded by saying: He is not going to get both of them; but if you [are] back before my court, you will get your just due. Therefore, the court [made] a ruling on the 5K motion. Because U.S.S.G. 5K motion at sentencing was the only vehicle under the law to reward defendant's presentence substantial assistance, once the court committed

5

itself to reward defendant for his presentence substantial assistance in a modified promise, it was bound to make a ruling.

(Reply 1–2.)[4]

USSG Section 5K1.1 provides that "[u]*pon motion of the government* stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the [sentencing] guidelines." *U.S. Sentencing Guidelines Manual* § 5K1.1 (U.S. Sentencing Comm'n 2015) (emphasis added). Similarly, Rule 35 of the Federal Rules of Criminal Procedure provides "[u]*pon the government's motion* made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1) (emphasis added). As these rules make clear, whether a defendant has provided substantial assistance to warrant a reduction in either his sentencing guidelines or sentence is left to the discretion of the Government. *See Wade v. United States*, 504 U.S. 181, 186–87 (1992).

Fuller is incorrect that the Court was "was bound to make a ruling" on a motion pursuant to USSG Section 5K1.1 at his sentencing. (Reply 2.) As explained at sentencing, the Government did not file a motion pursuant to USSG Section 5K1. (*See*

---

[4] The Court notes that Fuller is incorrect that a motion pursuant to USSG Section 5K was "the only vehicle under the law to reward defendant's presentence substantial assistance." (Reply 2.) Federal Rule of Criminal Procedure 35 states, that "[u]pon the government's motion . . . the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Civ. P. 35(b)(1). However, the Rule also states that, "[i]n evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance." *Id.* at (b)(3).

6

Oct. 7, 2016 Tr. 11, 17).[5] Further, a sentencing Court cannot *sua sponte* consider a defendant's assistance under USSG Section 5K without a motion from the Government. *See United States v. Francois*, 889 F.2d 1341, 1343 (4th Cir. 1989) (explaining that pursuant to USSG Section 5K "[t]here may be no consideration by the court of the defendant's assistance until the necessary motion has been made by the government."). Finally, the Government did not obligate itself in Fuller's Plea Agreement to file a motion pursuant to USSG Section 5K1.1. (*See* Plea Agreement 1–10.)[6] Therefore, any objection or argument by counsel that the Government had not filed a motion pursuant to USSG Section 5K, or that the Court did not rule on such a motion, would have been futile, and counsel cannot be deficient for failing to raise futile objections or arguments. *See Premo v. Moore*, 562 U.S. 115, 124 (2011). Counsel cannot be faulted for failing to challenge the court's alleged deferral of a motion for substantial assistance. Fuller fails to demonstrate any deficiency of counsel or resulting prejudice, and Claim Two will be dismissed.

---

[5] The Government asserts that it did not move for a downward departure pursuant to USSG Section 5K1.1 because Fuller had not completed his cooperation at the time of sentencing. (Resp. 9, ECF No. 65.)

[6] In his Reply, Fuller argues that his Plea Agreement is ambiguous as to whether the Government obligated itself to file a substantial assistance motion at sentencing. (Reply 5–10.) Although Fuller recites various legal principles in support of his argument (*see id.*), Fuller does not explain, and the Court does not discern, how Fuller's Plea Agreement is ambiguous. A review of his Plea Agreement demonstrates that the Government did not obligate itself to file a substantial assistance motion, or to recommend any sentence to the Court. In fact, Fuller's Plea Agreement clearly stated that, "[t]he United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence." (Plea Agreement ¶ 5.)

Thus, counsel cannot be faulted for failing to challenge the court's alleged deferral of a motion for substantial assistance.

C.   **Claim Three**

In Claim Three, Fuller alleges that "[t]he Government breached the Plea Agreement by failing to move the Court for a sentence reduction pursuant to United States Sentencing Guidelines ... § 5K1.1." (§ 2255 Mot. 7.) However, as stated above, the Government did not obligate itself in Fuller's Plea Agreement to file a motion under USSG Section 5K1.1. (*See* Plea Agreement 1–10.) Further, the decision to make a motion under USSG Section 5K1.1 is within the Government's sole discretion. Therefore, the Government did not breach Fuller's Plea Agreement by failing to move the Court for a sentence reduction pursuant to USSG Section 5K1.1.[7] Claim Three will be dismissed.

---

[7] In his Second Motion to Amend his Reply, Fuller argues that "[t]he government in this case stated that it did not file a 5K motion at the time of petitioner['s] sentence because petitioner had not completed his cooperation at the time of petitioner's sentencing." (ECF No. 68, at 1.) Fuller then directs the Court to *United States v. Drown*, 942 F.2d 55, 58 (1st Cir. 1991), in support of his argument. (*Id.*) In *Drown*, the United States Court of Appeals for the First Circuit vacated a defendant's sentence because the Government's "unilateral decision ... to reserve judgment on a defendant's presentence assistance in order to secure his post-sentence assistance" resulted in a deprivation of the defendant's due process rights. 942 F.2d at 59–60; *see United States v. Martin*, 25 F.3d 211, 216 (4th Cir. 1994) (adopting the reasoning of *Drown*). However, both *Drown* and *Martin* are distinct from Fuller's case. In *Drown* and in *Martin*, the Government candidly acknowledged at sentencing that each defendant had provided substantial assistance. *Drown*, 942 F.2d at 57; *Martin*, 25 F.3d at 214–15. Further, in *Martin*, the Government agreed in the defendant's plea agreement "to inform the district court of Martin's assistance," and indicated in its "Position of United States with Respect to Sentencing Factors" that a motion for substantial assistance would be made within a year of the defendant's sentencing. 25 F.3d at 217. At Martin's sentencing, the Government stated its intent to make a substantial assistance motion "within the next year." *Id.* Therefore, the Fourth Circuit found that the Government's "commitment to make a substantial assistance motion to reward Martin for his presentence substantial assistance was tantamount to and the equivalent of a modification of the plea agreement." *Id.* In Fuller's case, the Government at sentencing did not acknowledge that Fuller

## IV. CONCLUSION

Fuller's claims will be dismissed. Fuller's 28 U.S.C. § 2255 Motion (ECF No. 61) will be denied and the action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Fuller has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Aug 27, 2018
Richmond, Virginia

---

had provided substantial assistance nor did it obligate itself orally or otherwise to file a substantial assistance motion. Therefore, *Drown* and *Martin* are inapplicable to Fuller's case.